UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DR OIL LIMITED PARTNERSHIP**                                                         **PLAINTIFF**

v.                              **CASE NO. 4:10cv01265 BSM**

**BANK OF OKLAHOMA**                                                                         **DEFENDANT**

## ORDER

Defendant Bank of Oklahoma ("BOK") moves for dismissal or, in the alternative, transfer of venue. [Doc. No. 4]. Plaintiff DR Oil Limited Partnership ("DR Oil") opposes. [Doc. No. 9]. The motion is denied as to dismissal and granted as to transfer of venue.

In its complaint, DR Oil alleges negligence, fraud, breach of fiduciary duty, failure of consideration, conversion and interference with business expectancy. These allegations refer to action taken regarding multiple loan agreements, promissory notes, a commercial pledge agreement, a commercial guaranty and a negative pledge agreement between BOK and DR Oil. BOK asserts that every agreement entered by the parties contains a forum selection clause. Each forum selection clause establishes that if a lawsuit is initiated, it must be brought in Tulsa County, Oklahoma.

The language of the clauses differ only as to the description of the parties. For example, the forum selection clauses contained in the loan agreements provide, "[i]f there is a lawsuit, Borrow agrees upon Lender's request to submit to the jurisdiction of the courts of Tulsa County, State of Oklahoma." The forum selection clause contained in the commercial pledge agreement provides, "[i]f there is a lawsuit, Grantor agrees upon Lender's

request to submit to the jurisdiction of the courts of Tulsa County, State of Oklahoma."

BOK asserts that these clauses required DR Oil to file its complaint in Tulsa, Oklahoma and that, in that the complaint was not filed in Oklahoma, it should be dismissed or transferred to the District Court for the Northern District of Oklahoma.

DR Oil responds that the forum selection clauses are not applicable because its suit against BOK raises tort claims. In support of this proposition, DR. Oil cites to *Stacks v. Bluejay Holdings, LLC*, 2010 WL 3893990 (E.D. Ark. Sept. 29, 2010). In *Stacks*, the plaintiff brought suit to enforce a promissory note, for breach of contract, for violations of the Arkansas Deceptive Trade Practices Act and for deceit. These claims arose from a purchase agreement and promissory note executed by the parties. The purchase agreement contained a choice of law provision. The promissory note contained a choice of law provision and forum selection clause.

This court granted defendant's motion to dismiss pursuant to the forum selection clause for the claim to enforce the promissory note. A forum selection clause was not at issue as to the remaining claims because the purchase agreement, upon which the claims were based, contained only a choice of law provision. For this reason, the court then determined whether dismissal was appropriate under the choice of law provision. The motion to dismiss these claims was denied because the scope of the choice of law provision did not extend to the tort claims.

As a general rule, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting part to be 'unreasonable' under the

circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). DR Oil's reliance on *Stacks* in support of its position that the forum selection clause does apply to its tort claims is misplaced. Unlike in *Stacks*, every agreement entered between DR Oil and BOK contains the same forum selection clause. To the extent that DR Oil attempts to draw a comparison between the scope of the forum selection clause herein and the scope of the choice of law provision in *Stacks*, its argument fails. In contrast to the forum selection clause at issue here, the choice of law provision in *Stacks* applied only to matters "including, but not limited to, matters of validity, construction, effect, performance, and remedies." *Stacks* at *4. As demonstrated above, the forum selection clauses herein apply to any lawsuits filed as a result of the agreements. Therefore, the appropriate venue for DR Oil's complaint is the United States District Court for the Northern District of Oklahoma.

Accordingly, BOK's motion to dismiss, or in the alternative, transfer venue [Doc. No. 4] is granted in part and denied in part. The Clerk of the Court is directed to immediately transfer this case to the Northern District of Oklahoma.

IT IS SO ORDERED this 18th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE